## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**JOHN JOHNSON, JR.**

**CIVIL ACTION NO.**

**VERSUS**

**23-00054-BAJ-EWD**

**RLI INSURANCE COMPANY, ET AL.**

## NOTICE AND ORDER

This is a civil action involving claims for damages by John Johnson, Jr. ("Plaintiff") based on the injuries he allegedly sustained in a motor vehicle accident that occurred in Baton Rouge, Louisiana (the "Accident").[1] Plaintiff alleges the Accident was caused when his vehicle was struck by the vehicle driven by Defendant Danny McGowan ("McGowan") while McGowan was in the course of his employment with Cardinal Transport, Inc. ("Cardinal").[2] On November 28, 2022, Plaintiff filed his Petition for Damages ("Petition") against McGowan, Cardinal, and RLI Insurance Company ("RLI"), the insurer of Cardinal, as well as North American Risk Services ("NARS") and American Hallmark Insurance Company ("American"), in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[3] Plaintiff contends that he suffered personal injuries as a result of the Accident, caused by the negligence of all defendants.[4] On January 30, 2023, the matter was removed by McGowan, Cardinal, and RLI ("Defendants") to this Court, on the basis of diversity subject matter jurisdiction under 28 U.S.C. § 1332.[5] However, as explained below, the Notice of Removal is deficient in its allegations regarding the amount in controversy and the citizenship of the parties.

---

[1] R. Doc. 1-1, ¶¶ 3-4.
[2] R. Doc. 1-1, ¶ 4.
[3] R. Doc. 1-1, ¶¶ 1, 4.  The Petition does not state the capacity in which NARS and American are sued, other than to allege that Plaintiff has a direct cause of action against American pursuant to La. R.S. 22:1269, which indicates that Plaintiff named American as an additional insurance company who potentially bears liability for his alleged damages. R. Doc. 1-1, ¶ 9.
[4] R. Doc. 1-1, ¶¶ 4-8.
[5] R. Doc. 1, ¶ 12.

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal properly alleges that is Plaintiff is a citizen of Mississippi; McGowan is a citizen of West Virginia; Cardinal is a Delaware corporation with its principal place of business in Delaware; RLI is an Illinois corporation with its principal place of business in Illinois; and American is a Texas corporation with its principal place of business in Texas.[6] Therefore, these parties appear to be diverse. However, the citizenship of NARS is alleged to be "a foreign corporation with its principal place of business in Wilmington, Delaware," which is insufficient.[7] For purposes of diversity, "[a] corporation is a citizen of its place of incorporation and its principal place of business."[8] Therefore, NARS's place of incorporation *and* its principal place of business must be properly pled, and Defendants will be ordered to file a motion for leave to file an amended Notice of Removal that properly alleges NARS's citizenship.

It is not clear from the Petition or the Notice of Removal whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[9] The Petition alleges Plaintiff suffered past, present and future "severe and continuing disabilities" (also alleged to be permanent), lost wages and earnings capacity, mental injuries, "violent and traumatic physical injuries," including internal injuries and injuries to Plaintiff's neck, upper and lower back, and right shoulder, as well as loss

---

[6] R. Doc. 1, ¶¶ 4-7, 9 and *see* R. Doc. 1-1, introductory paragraph and ¶ 1(e).

[7] R. Doc. 1, ¶ 8. The Louisiana Secretary of State records attached to the Notice of Removal may also contradict this statement, as it indicates NARS's "domicile address" is in Wilmington, Delaware and its "Principal Business Office" is in Altamonte Springs, Florida. R. Doc. 1-4.

[8] 28 U.S.C. § 1332(c). *See also Getty Oil, Div. of Texaco v. Ins. Co. of North America*, (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").

[9] *See* 28 U.S.C. §1332(a).

of bodily functions, severe emotional anguish, and economic damages such as past, present, and future medical expenses.[10]  Plaintiff also asserts that his "cause of action" exceeds $50,000.[11]

In the Notice of Removal, Defendants rely on the allegations of the Petition referenced above, *i.e.*, Plaintiff's allegations of "severe and continuing" injuries, as well as "partial" medical records they received from Plaintiff's counsel shortly before removal in their assertion that Plaintiff's damages exceed the $75,000 jurisdictional threshold.[12]   Defendants assert:

10.

> Plaintiff's counsel produced partial medical records for Plaintiff on January 24, 2023, which show only portions of his treatment allegedly related to the Accident. The records show that Plaintiff is claiming injuries to – at least – his lower back, neck, left foot, and right hand/arm as being related to the Accident. Based on the records produced, Plaintiff has continued to treat through – at least – January 2023 (more than two (2) years after the accident at issue). During the course of his treatment, Plaintiff underwent an MRI of his lumbar spine, which showed multiple disc abnormalities at L4-5 and L5-S1. As a result of that study, Plaintiff was referred for pain management and has recently been referred for an epidural steroid injection. Plaintiff has also recently been recommended for an additional MRI of his cervical spine due to complaints of neck pain for over two (2) years. Based on even the limited records produced to- date, Plaintiff has – at least – $13,776.05 in medical specials ($6,746.05 from Lane Regional Medical Center, $4,730.00 from Zachary Spine & Sports Rehabilitation, and $2,300.00 from Imaging Center of Louisiana).[13]

The foregoing does not provide enough information to determine if Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs.  First, Plaintiff's general allegations in the Petition of permanent, "severe and continuing disabilities," "violent and traumatic physical injuries," and demands for general categories of damages (*e.g.*, past and future physical and mental

---

[10] R. Doc. 1-1, ¶ 8.
[11] R. Doc. 1-1, ¶ 10.
[12] R. Doc. 1, ¶¶ 2, 10 citing medical records at R. Doc. 1-6.
[13] R. Doc. 1, ¶ 10 (internal citations omitted).

pain, medical expenses, and lost wages)[14] are insufficient to establish the amount in controversy. Allegations of permanent disability, standing alone with no specification as to the affected body part(s), do not establish that a plaintiff's claims are likely to satisfy the amount in controversy requirement.[15] Moreover, "[c]ourts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[16]

The medical records attached to the Notice of Removal present additional facts with respect to Plaintiff's injuries and damages, but are still insufficient to establish that Plaintiff's claims are likely to exceed $75,000, exclusive of interest and costs. January 11, 2023 records show that Plaintiff has been diagnosed with two bulging lumbar discs and has been recommended for one epidural steroid injection ("ESI") and an MRI of the cervical spine.[17] It is not clear if Plaintiff received the ESI.[18] Even if Plaintiff received the ESI, bulging discs treated with steroid injections have been held insufficient to establish the amount in controversy,[19] and "[t]his court recognizes

---

[14] R. Doc. 1-1, ¶ 8.

[15] *See Heaverlo v. Victoria's Secret Stores, LLC*, No. 07-7303, 2008 WL 425575, at *3 (E.D. La. Feb. 8, 2008) ("Although Mrs. Heaverlo alleges permanent disability, that allegation is not sufficient for the Court to retain this case. *In Palmer v. Wal–Mart Stores, Inc.,* No. Civ. A. 95–1723, 1996 WL 20862, at *1 (E.D. La. Jan. 17, 1996), the court granted plaintiff's motion to remand even when plaintiff alleged that she sustained severe and possibly permanent injuries, because her allegations were 'fairly 'vanilla'' and did not reveal the extent of her injuries. Mrs. Heaverlo's allegations are similarly commonplace. Given the accident described in the petition and the lack of evidence as to plaintiffs' likely damages, the Court finds that defendants have not satisfied their burden of showing by a preponderance of the evidence that more than $75,000 was in controversy at the time of removal.").

[16] *Davis v. JK & T Wings, Inc*., No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) and cited cases.

[17] R. Doc. 1, ¶ 10 and R. Doc. 1-6, pp. 18, 22-27.

[18] While Plaintiff's Petition and/or the Notice of Removal assert that Plaintiff is also claiming injuries to his right arm/shoulder and left foot, there is little information regarding the right arm/shoulder injury, and a January 26, 2022 MRI of Plaintiff's left foot states that Plaintiff has only "minimal arthritic changes" to the joints in his foot. R. Doc. 1-6, p. 20.

[19] *See Shelton v. Hallmark Trucking Ins. Co.,* No. 17-1683-BAJ-EWD, 2018 WL 1998341, at *4 (M.D. La. Mar. 27, 2018), report and recommendation adopted sub nom*., Shelton v. Hallmark Specialty Ins. Co.,* No. 17-01683-BAJ-EWD, 2018 WL 1997543 (M.D. La. Apr. 27, 2018), citing *Cole v. Mesilla Valley Transportation*, No. 16-841, 2017 WL 1682561 (M.D. La. March 14, 2017), holding: "a general review of quantum cases demonstrates that general

that '[w]hether or not a herniated disc satisfies the amount in controversy often turns on whether surgery is recommended.'"[20] There is no surgery recommendation in the record.

As to Plaintiff's past medical expenses, a patient ledger from Zachary Spine and Sports Rehab indicates Plaintiff received only conservative physical therapy treatment from December 2021 through April 2022 for total expenses of $4,730.[21] A transaction list from Lane Regional Business Unit indicates billing transactions, but not continuous treatment, from the date of the accident until January 8, 2023 for a maximum balance of $6,746.05.[22] These records show past medical expenses of only about $11,476.50, which is far below the jurisdictional threshold.[23] There is also no evidence of any settlement demands or discovery responses that would have bearing on the amount in controversy. Although the Petition alleges Plaintiff's damages exceed $50,000,[24] that allegation, standing alone, fails to establish that the amount in controversy requirement is met.[25] Finally, Defendants' reliance on damage awards in allegedly similar state

damages awards for multiple bulging discs often (if not more often than not) do not exceed $30,000-$45,000, even where the plaintiff is actually treated with steroid injections." 2017 WL 1682561, at *5 (citations omitted).

[20] *Thomas v. Louis Dreyfus Commodities, LLC,* No. 15-394, 2016 WL 1317937, at *4 (M.D. La. Mar. 11, 2016), report and recommendation adopted, No. 15-394, 2016 WL 1337655 (M.D. La. Apr. 1, 2016), citing *Robinson v. Kmart Corp.*, No. 11–12, 2011 WL 2790192, at *4, n. 4 (M.D. La. Apr. 28, 2011), report and recommendation adopted, 2011 WL 2937952 (M.D. La. July 14, 2011)). Accordingly, courts have found the lack of a recommendation for surgery to be significant in determining whether a plaintiff seeking damages including those for a herniated disc meets the amount in controversy requirement when balanced with other factors in the record. *See, e.g., Hebert v. Hanco Nat. Ins. Co.*, No. 07–362, 2009 WL 255948, at *4-5 (M.D. La. Feb. 3, 2009) (amount in controversy not satisfied where plaintiff "suffers from a herniated disc, without any recommendation for surgery" and the plaintiff "continues to work, continues to engage in activities of daily living, and does not seek damages for mental anguish"); *Espadron v. State Farm Mut. Auto. Ins. Co.,* No. 10–53, 2010 WL 3168417 (E.D. La. Aug. 9, 2010) (amount in controversy not satisfied where plaintiff in car crash suffered a "herniated cervical disc [or] segmental cervical instability" and a "herniated lumbar disc [or] segmental lumbosacral instability" and was a "potential surgical candidate" and plaintiff stipulated that his damages did not exceed $50,000).

[21] R. Doc. 1-6, pp. 13-17 and *see* record of initial visit at R. Doc. 1-6, pp. 10-12.

[22] R. Doc. 1-6, pp. 8-9.

[23] Defendants assert that Plaintiff has incurred additional medical expenses of $2,300 from Imaging Center of Louisiana, but there are no records supporting that assertion. While "summary judgment-type evidence" can be considered in support of removal (*see, Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted)), counsel's arguments or statements in briefs are not "summary judgment-type evidence."

[24] R. Doc. 1-1, ¶ 10.

[25] *See Johnson v. Sullivan Transfer Co.,* No. CIV. A. 97-0239, 1997 WL 256639, at *3 (E.D. La. May 14, 1997) (holding that the plaintiff's demand for a jury trial in her state court petition was not "proof of an amount in controversy sufficient to meet the requirements for diversity jurisdiction in federal court as the amount in controversy must be $25,000 more than the $50,000 required for a jury demand under Louisiana procedural law.").

court cases is unconvincing.[26] Defendants have not yet met their burden of establishing that the amount in controversy is satisfied.[27]

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the parties are completely diverse and whether the amount in controversy requirement has been met.[28]

Accordingly,

**IT IS ORDERED** that, on or before **March 28, 2023**, Defendants Danny McGowan, Cardinal Transport, Inc., and RLI Insurance Company shall file a motion for leave to file an amended Notice of Removal with a proposed pleading that is a comprehensive amended Notice of Removal (*i.e.*, includes all of Defendants' numbered allegations, as revised, supplemented, and/or amended), which adequately alleges the citizenship of all parties and which will become the

---

[26] R. Doc. 1, ¶ 11, n. 18. *See Silva v. Hartford Ins. Co. of the Midwest,* No. CV 15-5844, 2016 WL 4501288, at *5 (E.D. La. Aug. 29, 2016) ("Overall, Defendant's argument that the amount in controversy is satisfied by citing two Louisiana state court cases with highly individualized facts different from the facts at issue here is unconvincing. Because the fact finder has discretion in determining an appropriate amount of damages based upon the facts of each individual case, monetary awards in previous cases are not sufficient to meet Defendant's burden of establishing that the amount of controversy here is greater than $75,000. The Defendant must point to facts in this case that establish that the actual amount in controversy exceeded $75,000. Moreover, the damages awards cited by Defendant are based on the entire record after trial, whereas subject matter jurisdiction determinations must only be based on the jurisdictional facts that exist at the time of removal. This point is especially salient when the Plaintiff's particular alleged injury cannot be broadly generalized and compared across different plaintiffs with 'similar' injuries, and when such an injury can result in widely ranging damages awards that do not always satisfy the amount in controversy requirement.").

[27] To the extent Defendants allege that the records are only "partial," as one court noted, "[i]f the removing defendant does not have facts sufficient to support removal when the original petition is received, it is the removing defendant's responsibility to discover those facts *before* effecting removal. That is precisely why the 'other paper' removal rule exists, to ensure that removals will not be filed 'before their factual basis can be proven [by the removing defendant] by a preponderance of the evidence.'" *Bonvillian v. National Liability & Fire Ins. Co.*, No. 16-1708, 2017 WL 892311, at *3 (W.D. La. Feb. 1, 2017), quoting *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). The Fifth Circuit has repeatedly cautioned against protective removals and has established timing rules that allow a defendant to engage in discovery regarding the amount in controversy before filing a notice of removal. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 162 (5th Cir. 1992); *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013); *Bosky*, 288 F.3d at 211. Defendants are advised that requests for jurisdictional discovery regarding the amount in controversy are generally denied as a matter of course. *See, e.g., Hopkins v. Crown Assocs., LLC,* No. 18-595, 2018 WL 8496020, at *8 (M.D. La. Oct. 25, 2018), report and recommendation adopted sub nom.*, Hopkins v. Crown Associated, LLC,* No. 18-595, 2019 WL 1199470 (M.D. La. Mar. 14, 2019).

[28] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

operative Notice of Removal in this matter without reference to any other document in the record if leave is granted.

**IT IS FURTHER ORDERED** that, on or before **April 4, 2023,** Defendants Danny McGowan, Cardinal Transport, Inc., and RLI Insurance Company shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that, on or before **April 18, 2023,** Plaintiff John Johnson, Jr. shall file either: (1) a Notice stating that Plaintiff does not dispute that Defendants have established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.[29]

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, March 21, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[29] The parties are advised that the Court has an independent obligation to ensure its own subject matter jurisdiction. Notwithstanding the order requiring Plaintiff's position on whether Defendants have established jurisdiction, the parties cannot confer jurisdiction by agreement. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 284 (5th Cir. 2007), citing *In re Tex. Consumer Fin. Corp.*, 480 F.2d 1261, 1266 (5th Cir. 1973).